UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MITCHELL WEINER,

    Plaintiff,

v.                                    CASE NO.:

NYU LANGONE HOSPITALS d/b/a
NYU LANGONE MEDICAL CENTER,

    Defendant.

_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Mitchell Weiner brings this action and complaint for damages and demand for jury trial against Defendant, NYU Langone Hospitals d/b/a NYU Langone Medical Center ("NYU") and in support thereof, alleges as follows:

## PARTIES

1. Plaintiff is currently a resident of the state of North Carolina. At all relevant times to the allegations in this Complaint, Plaintiff was a resident of the state of New York.

2. At all times material hereto, Mr. Weiner was an "employee" of NYU within the meaning of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*

3. Defendant, NYU, is a Domestic Non-Profit Corporation incorporated in New York.

4. NYU employs more than 100 employees.

5. NYU meets all of the requirements for employer status under Title VII.

## JURISDICTION

6. This Court has original jurisdiction over Plaintiff's Title VII claims pursuant to 28 U.S.C. §1331 and 1337.

7. Jurisdiction to grant injunctive and declaratory equitable relief as well as damages is invoked pursuant to the statutes cited above as well as *Ex Parte Young,* 209 U.S. 123 (1908) pursuant to Plaintiff's request for prospective injunctive relief, and the authority to grant declaratory relief under the statutes cited above.

## VENUE

8. Venue is proper in this Court pursuant to 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the claims occurred within the Southern District of New York.

9. Defendant conducts substantial and not isolated business within the Southern District of New York.

10. Defendant has agents and employees in the Southern District of New York.

11. Defendant has businesses located in the Southern District of New York.

## CONDITIONS PRECEDENT

12. Plaintiff has exhausted his administrative remedies by filing a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on June 8, 2017.

13. On February 20, 2020, the EEOC issued Plaintiff a Dismissal and Notice of Right to Sue against Defendant with regard to this matter ("hereinafter referred to as "Right to Sue letter"). A copy of this Right to Sue letter is attached as **Exhibit A.**

14. Plaintiff files this action within the applicable statute of limitations.

15. All conditions precedent to this action have been satisfied and/or waived.

## FACTUAL BACKGROUND

16. Plaintiff began working with Defendant on or about August 2007. Plaintiff's most recent position with Defendant was Associate Director of Enterprise Tools.

17. In his role as Associate Director of Enterprise Tools, Plaintiff was responsible for maintaining a reliable technical infrastructure to effectively serve the hospital community.

18. Importantly, Plaintiff did not have contact with hospital patients.

19. At all material times, Plaintiff was qualified for his position with Defendant.

20. Indeed, Plaintiff performed his duties satisfactorily and had no performance or disciplinary issues.

21. Beginning in October 2016, and for the first time, Defendant made it mandatory that Plaintiff obtain the flu vaccine or submit a request for an exemption.

22. Plaintiff objected to having to obtain the flu vaccine on religious grounds and accordingly completed and submitted a Religious Exemption form to Defendant.

23. Defendant denied Plaintiff's religious objection to having to obtain the flu vaccine.

24. On February 1, 2017, Plaintiff submitted a complaint regarding the denial of his religious objection to having to obtain the flu vaccine. However, later that same day, Defendant issued Plaintiff a written notice of discipline and directed Plaintiff to receive the flu vaccine despite Plaintiff's continued religious objection to the flu vaccine mandate.

25. Further, on February 1, 2017, Defendant requested that Plaintiff attend an in person meeting to discuss his complaint.

26. On February 2, 2017, Plaintiff met with Evelyn Tavaras, Wayne Boney and his immediate supervisor, Conrad Shoup, to discuss his complaint and his refusal to obtain the required flu vaccination mandate.

27. Thereafter, Plaintiff attempted other avenues to avoid having to submit to the flu vaccine. Those efforts were denied as well.

28. Indeed, after the meeting, Plaintiff sent an email re-iterating his willingness to wear a mask in areas where there were patients.

29. On February 3, 2017, in a continued effort to avoid having to obtain a flu vaccine, Plaintiff requested, with his supervisor's approval, a reasonable accommodation to work remotely from home. Defendant never responded to Plaintiff's request for an accommodation.

30. On February 24, 2017, Plaintiff was suspended without pay because of his non-compliance with the flu vaccine requirement.

31. On March 15, 2017, Plaintiff was informed that his employment with Defendant was terminated because he failed to obtain the flu vaccine.

32. Plaintiff had a sincerely held religious belief that prohibited him from obtaining a flu vaccine.

33. Defendant failed to accommodate Plaintiff's sincere request for a religious accommodation and therefore discriminated and retaliated against Plaintiff because he expressed his honestly held religious beliefs.

34. Plaintiff's request for a religious accommodation to the flu vaccine would not have created an undue hardship to Defendant.

35. Defendant terminated Plaintiff's employment because he expressed his honestly held religious beliefs in objection to the flu vaccine.

## COUNT I
## RELIGIOUS DISCRIMINATION IN VIOLATION OF TITLE VII

36. Plaintiff realleges and adopts the allegations contained in paragraphs 1-35 as if fully set forth in this Count.

37. Defendant unlawfully discriminated against Plaintiff because of his religion and/or religious beliefs.

38.     The effect of Defendant's conduct towards Plaintiff deprived Plaintiff of equal employment opportunities and otherwise adversely affected his status as an employee of Defendant because of his religion and his request for a religious accommodation.

39.     Defendant unlawfully terminated Plaintiff's employment because of his religion and/or religious beliefs.

40.     Plaintiff was treated less favorably than similarly-situated employees.

41.     The actions of Defendant as alleged above were intentionally and purposefully done to Plaintiff because of his religion and/or religious beliefs.

42.     As a direct, natural, proximate and foreseeable result of Defendant's discrimination, Plaintiff has suffered past and future pecuniary losses, emotional pain and suffering, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

43.     The conduct of Defendant was so willful and wanton, and performed with malice or reckless indifference to the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter them, and others, from such conduct in the future.

44.     Plaintiff is entitled to recover reasonable attorney's fees and litigation expenses pursuant to Title VII.

45.     Plaintiff, having been discriminated against by Defendant, has suffered irreparable harm for which there is no plain, adequate or complete remedy at law.

## COUNT II
## RETALIATION IN VIOLATION OF TITLE VII

46.     Plaintiff realleges and adopts the allegations contained in paragraphs 1-35, as if fully set forth in this Count.

47.     Plaintiff engaged in protected activity under Title VII when he requested an accommodation based on his honestly held religious beliefs.

48. Defendant terminated Plaintiff's employment in retaliation for engaging in this protected activity.

49. But for Plaintiff engaging in this protected activity, Defendant would not have terminated Plaintiff's employment.

50. The actions of Defendant as alleged above were intentionally and purposefully done to Plaintiff because he engaged in protected activity pursuant to his honestly held religious belief.

51. As a direct, natural, proximate and foreseeable result of Defendant's retaliation, Plaintiff has suffered past and future pecuniary losses, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

52. The conduct of Defendant was so willful and wanton, and performed with malice or reckless indifference to the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter them, and others, from such conduct in the future.

53. Plaintiff is entitled to recover reasonable attorney's fees and litigation expenses pursuant to Title VII.

54. Plaintiff, having been retaliated against by Defendant, has suffered irreparable harm for which there is no plain, adequate or complete remedy at law.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff prays for damages in an amount to be determined at trial, together with interest, cost of suit, attorneys' fees, and all such other relief as the court deems just and proper which include:

a. Declare that the aforementioned practices and actions of NYU constitute unlawful employment practices in violation of Title VII;

b. Award Plaintiff all lost wages, past and future, and other monetary damages to

which he is entitled to including interest under Title VII;

c. Award Plaintiff compensatory damages under Title VII;

d. Award Plaintiff punitive damages under Title VII;

e. Award Plaintiff reasonable attorney's fees, costs, and interest under Title VII;

f. Award Plaintiff equitable relief including, but not limited to: an injunction directing NYU to cease their discriminatory conduct and practices and injunctive relief directing Defendants to immediately provide all employees with a safe, non-discriminatory work environment under the Title VII; and

g. Award Plaintiff such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted this  3rd  day of April, 2020.

                                              Respectfully submitted,

                                              **/s/ ANDREW R. FRISCH**
                                              Andrew R. Frisch
                                              NY Bar No.: 3957115
                                              **MORGAN & MORGAN, P.A.**
                                              8151 Peters Road, Suite 4000
                                              Plantation, FL 33324
                                              Telephone: (954) WORKERS
                                              Facsimile: (954) 327-3013
                                              E-mail: afrisch@forthepeople.com